UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LLOYD SUTRABAN,                                  :
                                                 :
        Plaintiff,                                :
                                                 :
  -against-                                     :
                                                 :        **MEMORANDUM**
JOHN WORSLEY and CLEAN HARBORS                   :        **AND ORDER**
ENVIRONMENTAL SERVICES, INC. D/B/A               :
CLEAN HARBORS ENVIRONMENTAL                      :        22 Civ. 5293 (VMS)
SERVICES INC,                                    :
                                                 :
        Defendants.                               :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

        Plaintiff Lloyd Sutraban moved to remand this action to the Supreme Court of the State of New York, Queens County.  See ECF No. 9.[1]  Defendants John Worsley and Clean Harbors Environmental Services, Inc. ("Clean Harbors") opposed the motion.  See ECF No. 12.  Plaintiff replied.  See ECF No. 14.  For the following reasons, the Court denies Plaintiff's motion.

**I.    Background**

        This action arises out of a motor vehicle accident in Manhattan.  See Compl., ECF No. 1-1 ¶ 15-17.  According to the Complaint, Plaintiff was a lawful pedestrian when a vehicle driven by Defendant Worsley and owned by Defendant Clean Harbors struck him.  See id. ¶ 17.  As a result of the collision, Plaintiff

> was rendered sick, sore, lame and disabled; was caused to suffer great pain and mental anguish; sustained serious injuries to his head, body, arms and limbs; and will be for a long time confined to his bed and home; was caused to and did expend large sums of money for medical care and attention; was caused to lose wages and to miss time from work; in addition plaintiff has sustained severe

---

[1] Plaintiff also filed his motion to remand at ECF No. 8, labeled on ECF as both a motion for release of funds and a motion to remand.  That filing appears to have been in error.

shock to his nervous systems which has detracted considerably from his general health and has sustained a resultant loss therefrom.

See id. ¶ 22. Plaintiff alleges that Defendants' negligence caused the collision. See id. ¶¶ 23-32.

On April 26, 2022, Plaintiff, a Queens County, New York resident, filed this action in the Supreme Court of the State of New York, Queens County, under Index Number 709036/2022. See ECF No. 1 ¶ 1; ECF No. 1-1 ¶ 1. Plaintiff served the summons and complaint on Defendant Worsley, a New Jersey resident, on May 23, 2022. See ECF No. 1 ¶¶ 2, 4-5. Plaintiff served the summons and complaint on the New York Secretary of State, which in turn mailed the summons and complaint to CT Corporation System on August 10, 2022. See ECF No. 12-3 at 3 (ECF Pagination). CT Corporation System served the summons and complaint on Defendant Clean Harbors, a foreign corporation authorized to conduct business in New York, on August 17, 2022. See id. at 1 (ECF Pagination); ECF No. 2 ¶ 5.

On September 6, 2022, 20 days after Defendant Clean Harbors received the pleadings, Defendants filed a notice of removal, removing the action to this Court on the ground of alleged diversity jurisdiction. See id. ¶¶ 15, 17-20. The notice of removal states that Defendant Worsley "consents to removal pursuant to 28 U.S.C. § 1446(b)(2)(C)." See id. ¶ 13. Plaintiff filed his motion to remand on the grounds that the notice of removal was untimely and procedurally defective, that the Defendants have failed to establish that the amount in controversy exceeds $75,000, and that the doctrine of forum non conveniens warrants remand. See ECF No. 9-1.

**II.     Legal Standards**

    **a.  Removal Generally**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such

2

action is pending." 28 U.S.C. § 1441(a).  District courts "construe the removal statute narrowly, resolving any doubts against removability." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013) (quoting Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994)).  The removing party has the burden of proving that jurisdiction is timely and proper.  See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); Winter v. Novartis Pharm. Corp., 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014).

The notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).  Most courts hold that the failure to include documents from the state court record is a mere procedural defect, not a jurisdictional defect requiring remand.  See Vitiello v. Contracting, No. 15 Civ. 4635 (RRM) (CLP), 2016 WL 1239259, at *3 (E.D.N.Y. Mar. 29, 2016); Osmose Utilities Servs., Inc. v. Hish, No. 13 Civ. 310S, 2013 WL 1625408, at *4 (W.D.N.Y. Apr. 15, 2013); Rocha v. Brown & Gould, LLP, 61 F. Supp. 3d 111, 113 (D.D.C. 2014) (collecting cases).

The notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3)).  In the Second Circuit, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d

3

Cir. 2010); Artists Rights Enf't Corp. v. Jones, 257 F. Supp. 3d 592, 595-96 (S.D.N.Y. 2017) ("the specified time for removability begins to run upon the serving of a pleading stating the exact monetary value in damages") (emphasis added).

"When service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not begin with service upon the agent, but rather, when the defendant receives personal service of the summons and complaint." Fernandez v. Hale Trailer Brake & Wheel, 332 F. Supp. 2d 621, 624 (S.D.N.Y. 2004); see Boone v. Thane, No. 07 Civ. 4358 (SLT) (VVP), 2009 WL 910556, at *3 (E.D.N.Y. Mar. 31, 2009) (removal timely where defendants removed the case more than 30 days after plaintiffs served the Secretary of State, but less than 30 days after defendants received the pleadings from the Secretary of State).

Within the 30-day window, "'all defendants who have been properly joined and served must join in or consent to the removal of the action' [under] the so-called rule of unanimity." Taylor v. Medtronic, Inc., 15 F.4th 148, 150 (2d Cir. 2021) (citing 28 U.S.C. § 1446(b)(2)(A) and 28 U.S.C. § 1446(b)(2)(B)). "[T]o comply with the rule of unanimity, 'each defendant must submit written consent unambiguously agreeing to removal.'" Doe v. Warner, No. 23 Civ. 862 (DLI) (ARL), 2023 WL 2349914, at *4 (E.D.N.Y. Mar. 3, 2023). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. §1446(b)(2)(C). The unanimity rule is satisfied where defendants who did not initiate the removal "either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the

4

thirty-day period." Warner, 2023 WL 2349914, at *4 (quoting Metro. Transp. Auth. v. U.S. Fid. & Guar. Co., No. 14 Civ. 9059 (PAE), 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 14, 2015)).

### b. Diversity Jurisdiction

District courts have original jurisdiction where there is diversity of citizenship between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook Am. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (quoting Moore v. Betit, 511 F.2d 1004, 1006 (2d Cir. 1975)). "Where the pleadings themselves are inconclusive as to the amount in controversy, however, federal courts may look outside those pleadings to other evidence in the record." United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, 30 F.3d 298, 305 (2d Cir. 1994).

Although a plaintiff's refusal to stipulate damages of less than $75,000 does not alone satisfy the defendant's burden to establish the adequate amount in controversy, see Feliciano v. Target Corp., No. 19 Civ. 2706 (DLI) (RLM), 2019 WL 2210739, at *2 (E.D.N.Y. May 21, 2019), such a refusal may weigh in favor of finding federal jurisdiction. See Yong Qin Luo v. Mikel, 625 F.3d 772, 776 (2d Cir. 2010). In Yong Qin Luo, the plaintiff's complaint did not specify the amount of damages sought, and the plaintiff did not serve the defendant with any other paper specifying her damages. Id. at 775. At an initial conference before the district court, the plaintiff declined to limit her damages to $75,000 or less, and shortly after the conference, the plaintiff made an oral settlement demand of $600,000. Id. The Second Circuit accepted the plaintiff's refusal to limit damages, coupled with the $600,000 settlement demand, sufficient to find that the amount in controversy requirement was met at the time of removal. Id. at 775-76;

see Felipe v. Target Corp., 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (by refusing to stipulate to damages of less than $75,000 and by representing to the court during a conference that damages would exceed $75,000, the plaintiff effectively conceded that the amount in controversy satisfied Section 1332(a)(1)).

### c. Forum Non Conveniens

"The doctrine of forum non conveniens is a discretionary device permitting a court in rare instances to dismiss a claim even if the court is a permissible venue with proper jurisdiction over the claim." Carey v. Bayerische Hypo-Und Vereinsbank AG, 370 F.3d 234, 237 (2d Cir. 2004) (internal quotation marks omitted). The defendant, not the plaintiff, is the proper party to assert forum non conveniens in the context of motions to dismiss. See Iragorri v. United Techs. Corp., 274 F.3d 65, 71 (2d Cir. 2001) (holding that "a court reviewing a motion to dismiss for forum non conveniens should begin with the assumption that the plaintiff's choice of forum will stand" unless the defendant meets its burden under the forum non conveniens doctrine).

### III. Analysis

Defendants have met their burden of establishing that removal is proper. First, Defendants timely filed their notice of removal. Defendants have put forth evidence that Defendant Clean Harbors received the initial pleadings from the Secretary of State on August 17, 2022. See ECF No. 12-3. Defendants' September 6, 2022 removal was therefore timely, because it was filed within 30 days of receipt of the pleadings. See Boone, 2009 WL 910556, at *3; 28 U.S.C. § 1446(b).

Second, there are no procedural or jurisdictional defects necessitating remand. Defendants satisfied the rule of unanimity because the notice of remand was filed on behalf of both Defendant Worsley and Defendant Clean Harbors, who are represented by the same

6

counsel.  See ECF No. 12-2 at 1, 5; Warner, 2023 WL 2349914, at *4 (unanimity rule satisfied where non-initiating defendant signs the notice of removal).  The joint filing is a statement of joint consent to the removal.  Further, any failure on Defendants' part to include affidavits of service with the notice of removal does not warrant remand.  The statute requires only that the notice of removal include "a copy of all process, pleadings, and orders served upon" the defendant.  See 28 U.S.C. § 1446(a) (emphasis added).  Plaintiff does not argue that he served the affidavits of service on Defendants and has not demonstrated any procedural deficiency arising from their omission.  Even if he had, an omission of state court papers does not constitute a jurisdictional defect necessitating remand and is instead a procedural defect that can be cured in the federal court.  See Vitiello, 2016 WL 1239259, at *3.

Third, diversity jurisdiction is present.  Plaintiff does not dispute that diversity of citizenship exists, but challenges diversity jurisdiction on the basis that Defendants have not established that the amount in controversy exceeds $75,000.  See ECF No. 9-1 at 8-12.  Defendants have carried their burden of establishing a reasonable probability that the amount in controversy exceeds $75,000.  During a telephone conference before this Court, Plaintiff's counsel confirmed on the record both (1) that Plaintiff refused to stipulate to cap damages at $75,000 in exchange for Defendants' withdrawal of the notice of removal; and (2) that Plaintiff's initial settlement demand would exceed $75,000.  10/4/2022 Conf. Transcript, ECF No. 15 at 4:12-20; 7:18-23.  Although Plaintiff did not trigger the removal clock by serving Defendants with a paper "explicitly [specifying] the amount of monetary damages sought," Moltner, 624 F.3d at 38, Plaintiff's statements on the record are sufficient to satisfy the amount-in-controversy requirement notwithstanding the absence of an express written calculation of damages.  See Yong Qin Luo, 625 F.3d at 776; Felipe, 572 F. Supp. 2d at 459.

7

Moreover, Plaintiff alleges, <u>inter alia</u>, that he suffered serious injuries, causing him to "be for a long time confined to his bed and home"; that he expended "large sums of money for medical care and attention"; and that he lost wages and missed time from work. ECF No. 1-1 ¶ 22. Plaintiff's counsel represented that Plaintiff has already received a lumbar epidural injection, and "is still undergoing medical treatment here and there." ECF No. 15 at 15:12-19. The Court finds that the record shows a reasonable probability that the amount in controversy exceeds $75,000.

Finally, Plaintiff's forum non conveniens argument fails. Forum non conveniens is not properly asserted by a plaintiff on a motion to remand, but by a defendant on a motion to dismiss. <u>See</u> <u>Iragorri</u>, 274 F.3d at 71. Regardless, Plaintiff has not argued that it would be more convenient for him to litigate in the Supreme Court of New York, Queens County than this Court.[2] <u>See</u> ECF No. 9-1 at 13.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to remand is denied.

Dated: Brooklyn, New York
March 30, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

---

[2] Plaintiff has not responded to Defendants' arguments related to forum non conveniens in his reply. <u>See</u> ECF No. 14.